UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN SUNSERI, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> WARDEN BRIAN WILLIAMS, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:19-cv-00967-GMN-DJA <br><br> **ORDER** |

Pending before the Court is the Partial Motion to Dismiss, (ECF No. 29), filed by Defendant Brian Williams ("Defendant"). Plaintiff Kevin Sunseri ("Plaintiff") filed a Response, (ECF No. 31), and Defendant filed a Reply, (ECF No. 32).

For the reasons discussed herein, Defendant's Partial Motion to Dismiss is **GRANTED**.

I. **BACKGROUND**

This case arises from Defendant's alleged constitutional violations while Plaintiff was in custody at High Desert State Prison ("HDSP"). (*See* Am. Compl. at 4, ECF No. 12); (*see also* Screening Order on Am. Compl. at 3–6, ECF No. 18). On April 12, 2017, medical staff at HDSP classified Plaintiff to a flat yard due to his injured left leg. (*See* Am. Compl. at 3). Despite the medical order, Plaintiff alleges that he was not moved. (*Id.*). Plaintiff also claims that he filed multiple medical grievances concerning the lack of transfer. (*Id.*).

In June 2017, prior to any move to a flat yard, Plaintiff fell on a hill and injured himself permanently. (*Id.*). Plaintiff was subsequently moved to the infirmary for 24-hour observation. (*Id.* at 5). Plaintiff claims that he was never seen by a physician but was released with crutches and a neck brace the following day. (*Id.*). For the next two months, Plaintiff alleges that he wrote to the director and doctors at HDSP complaining about his injured knee, requesting examination, and seeking medication for pain relief. (*Id.*).

On June 6, 2019, Plaintiff filed the instant lawsuit, alleging claims of deliberate indifference and cruel and unusual punishment under the Eighth Amendment. (*See* Compl., Ex. A to Appl. for Leave to Proceed *in forma pauperis*, ECF No. 1-1).  Plaintiff then filed an Amended Complaint pursuant to the Court's first Screening Order that dismissed Plaintiff's Eighth Amendment claims without prejudice with leave to amend. (*See* Screening Order on Compl., ECF No. 6); (*see also* Am. Compl., ECF No. 12).  Plaintiff's two Eighth Amendment claims ultimately survived a second screening, specifically: (1) deliberate indifference to medical need based on the alleged failure to transfer Plaintiff to a prison with a flat yard, alleged against Defendant and John Does 1–4; and (2) delay in treatment of injury, alleged against John Doe 3 and John Doe 4. (*See* Screening Order on Am. Compl. at 4–5).  Defendant then filed the instant Partial Motion to Dismiss. (*See* Def.'s Mot. Dismiss ("MTD"), ECF No. 29).

## II.   LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of the complaint may be considered." *Id.* Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III.  DISCUSSION

Defendant moves for partial dismissal, arguing that all claims against Defendant are time barred under Nevada's two-year statute of limitations. (Def.'s MTD 3:18–4:10). In response, Plaintiff asserts that a six-year statute of limitations applies under NRS 11.190(1)(b). (Pl.'s Resp. to Def.'s MTD 3:18–25). Given that Plaintiff only alleges one claim against Defendant, the Court limits its analysis below to Plaintiff's deliberate indifference claim based on alleged failure to transfer. (*See* Screening Order on Am. Compl. 5:8–22).

The applicable statute of limitations for § 1983 actions, regardless of the facts or legal theory underlying a particular case, is the forum state's statute of limitations for personal injury actions. *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999) (citing *Wilson v. Garcia*, 471 U.S. 261, 276, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985)).  In Nevada, the statute of limitations for filing a personal injury action is two years. N.R.S. § 11.190(4)(e); *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989).  Federal law, however, determines when a claim accrues for a § 1983 action. *See Elliott v. City of Union City*, 25 F.3d 800, 801-02 (9th Cir. 1994).  A claim accrues when the plaintiff knows, or should know, of the injury on which the cause of action is based. *See Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996).

Here, Plaintiff's deliberate indifference claim against Defendant Williams is time-barred under Nevada's two-year statute of limitations. *See* N.R.S. § 11.190(4)(e).  Plaintiff claims that Defendant deliberately ignored his medical needs when they failed to move him to a "flat yard" prison pursuant to HDSP medical staff's order issued on April 12, 2017. (Am. Compl. at 3). Because Plaintiff's deliberate indifference claim is based on HDSP's reclassification order, the statute of limitations on this claim expired on April 12, 2019. *See also Ruiz v. Nev. Dep't of Corr.*, No. 2:18-CV-00091-RBF-EJY, 2020 U.S. Dist. LEXIS 199632, at *8 (D. Nev. Oct. 26, 2020) (finding that the plaintiff's deliberate indifference claim is time-barred because the plaintiff filed his complaint two years after the doctor performed a physical examination of Plaintiff and subsequently failed to provide medical treatment); *see also Harington v. Banister*, No. 3:08-cv-0658-BES-VPC, 2009 U.S. Dist. LEXIS 62607, at *5 (D. Nev. July 2, 2009). Plaintiff, in the present case, did not file the underlying Complaint until June 6, 2019— approximately two months after the statute of limitations elapsed. (*See generally* Compl.).

Plaintiff attempts to argue that the six-year statute of limitations for breach of contract applies because the reclassification order was a contract. (Pl.'s Resp. to MTD 3:18–25). Plaintiff, however, does not explain how the order constitutes a contract and further, how

Defendant's failure to enforce the order constitutes a breach of contract. (*See id.*).  As stated above, the applicable statute of limitations for a 1983 suit based on personal injury is two-years in Nevada. *Fink*, 192 F.3d at 914; *see also* N.R.S. §11.190(4)(e); *see also Lancaster v. Nev. Dep't of Corr.*, No. 3:06-cv-00284-JCM-RAM, 2011 U.S. Dist. LEXIS 41820, at *10 (D. Nev. Mar. 31, 2011) (dismissing a deliberate indifference claim as time-barred under the two-year statute of limitations).  Because Plaintiff's deliberate indifference claim against Defendant is time-barred, the Court accordingly grants Defendant's Partial Motion to Dismiss.[1]

## V.  CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Partial Motion to Dismiss, (ECF No. 29), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff show cause by March 11, 2022, as to why the Court should not dismiss Defendants John Does 1–4 from this action for improper service.[2]

**DATED** this __22__ day of February, 2022.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

---

[1] The Court denies leave to amend because Plaintiff cannot possibly amend his Complaint to cure his time-barred claim. *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.").

[2] Following this Order, the only remaining Defendants are John Does 1–4, who neither have appeared nor been served in this case.  Pursuant to Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  "A *pro se* plaintiff proceeding *in forma pauperis* is entitled to rely upon the United States Marshal Service ("USMS") to effect proper service. *Jackson v. McMahon*, No. EDCV 19-0548 SB (PVC), 2021 U.S. Dist. LEXIS 142233, at *3 (C.D. Cal. July 29, 2021) (referring to *Pruett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990)).  The plaintiff, however, must "provide the marshal with information sufficient to identify the defendants" to effectuate proper service. *McInerney v. City & Cty. of S.F.*, 466 F. App'x 571, 572 (9th Cir. 2012).  Given that Plaintiff has not demonstrated any attempts to effectuate service or otherwise identify John Does 1–4, the Court thus issues the present show cause order.